THE STATE ·V. FANNIE ACKERMAN, Appellant.

Division Two, June 25, 1926.

1. **INFORMATION: Prostitution: Receiving Money.** An information charging that defendant "did then and there feloniously and knowingly accept and receive, levy and appropriate a sum of money without consideration from the proceeds of the earnings" of a female, "who was then and there engaged in prostitution at the house of" said defendant, sufficiently charges the felony denounced by the statute (Sec. 3253, R. S. 1919).

·2. **SUFFICIENT EVIDENCE.** Clear and convincing testimony of the prosecutrix tending to establish the crime charged, and corroborated in some of its material parts by the testimony of other witnesses and the circumstances of the case, is sufficient evidence to support a verdict of guilty; where no demurrer to the evidence was offered at the trial.

3. **INSTRUCTION: Oral: Merit System.** An assignment that the court orally instructed the jury that the merit system existed in Missouri whereby an inmate of the penitentiary would be given credit of five months out of twelve for good behavior, is without merit, where the record shows that shortly after the jury retired they returned to the court room and the foreman asked if they could ask a question, and being answered in the affirmative by the court the foreman asked if there was a merit system in vogue in the penitentiary, and thereupon the court asked the prosecuting attorney and counsel for defendant if they had any objection to the court answering the question, and they both said they had none, and the court thereupon informed the jury that there was a merit system under which a ·prisoner is allowed credit for good behavior, and no objection was made or exception saved to the court's statement.

4. **NEW EVIDENCE: Affidavit: Diligence.** In the prosecution of defendant for having appropriated, without consideration, money from the proceeds of earnings of another woman engaged in prostitution, an affidavit by defendant attached to her motion for a new trial, that a certain man, with whom prosecutrix testified she had had sexual intercourse in defendant's house, would testify, if present, that defendant did not know of said fact and that prosecutrix urged him to keep it a secret, is no ground for granting a new trial, where the prosecutrix had testified that defendant had received two of the three dollars paid her by said man for such sexual intercourse, and the motion for a new trial is supported solely by the affidavit of defendant, and no diligence is shown of any effort to secure the man's testimony after prosecutrix had so testified, and defendant asked for no continuance in order that she might procure his testimony.

Corpus Juris-Cyc. References: **Criminal Law,** 16 C. J., Section 2560, p. 1090, n. 69; Section 2720, p. 1191, n. 7; Section 2738, p. 1219, n. 75; Section 2745, p. 1232, n. 95. **Prostitution,** 32 Cyc., p. 733, n. 12; p. 736, n. 32 New.

Appeal from Jasper Circuit Court.—Hon. Grant Emerson, Judge.

AFFIRMED.

*Foulke, Bingman & Foulke* for appellant.

(1) The record is wholly defective. It fails to show at any place and at any time that any plea or arraignment was ever had, fails to show that defendant by any act ever waived formal plea or arraignment, and that she was placed on trial on protest. Plea and arraignment are basic requisites that cannot be omitted under our statutes. No defendant can be debarred the right of pleading. Constitution, art. 2, sec. 22; R. S. 1919, secs. 3957, 3958; State v. Hoffman, 70 Mo. App. 271. (2) The record shows that there is not sufficient evidence to warrant a conviction. Before the presumption of innocence can be overcome there must be reasonable, clear and convincing evidence. This case wholly fails in the following particulars: (a) Prosecuting witness alleges that she was a virgin, that she engaged in prostitution, and gave the defendant a part of her nefarious earnings. (b) Yet she parts with her virginity, although it was in broad daylight, a number of people at hand, she makes no outcry against the ravisher, and the only duress she complains of is that she might lose her job which she herself shortly abandoned. (c) Immediately after taking her initial step, she submits her body to fifteen acts of indecency in the space of two days, with apparent satisfaction to her. (d) Against this is the agreed statement that she was to have and maintain character during her employment with the defendant, and that complaint was admitted to have been made by the defendant as to the conduct of the prosecuting witness with a man named Osborne during her employment with defendant. The disposition of defendant at the close of said employment coupled with the conduct and mannerisms of this Hazel Lang branded the whole thing as a fabrication and unbelievable. R. S. 1919, sec. 4078. (3) The court erred in saying to the jury that they could ask a question and in answering the question when it referred to the question of punishment. R. S. 1919, sec. 4078; State v. Beedle, 180 S. W. 888. (4) The court committed error in overruling defendant's motion for new trial on the ground of newly discovered evidence, because the nature and the character of the evidence would very strongly favor a different verdict, taken together with the scant and unreliable evidence offered on the part of the State. State v. Miller, 144 Mo. 485; State v. Curtis, 77 Mo. 267.

*North T. Gentry*, Attorney-General, and *Claud Curtis*, Special Assistant Attorney-General, for respondent.

(1) The information follows the wording of the statute and is sufficient. R. S. 1919, sec. 3253; State v. Howe, 228 S. W. 477. (2) The verdict was proper. It found the defendant guilty as charged in

the information and assessed the punishment. State v. Julin, 292 Mo. 264; State v. Jordan, 285 Mo. 62. (3) The court committed no error by failing to give defendant a new trial because of newly discovered evidence. The granting of a new trial for this reason is largely within the discretion of the trial court, and it will not be convicted of an abuse of that discretion unless a showing is made that the new evidence will probably change the results of the trial. State v. Finn, 199 Mo. 604; State v. Rippey, 228 Mo. 342; State v. Walker, 250 Mo. 322; State v. Emmons, 285 Mo. 62; State v. Smith, 247 S. W. 157. (a) There must be a clear showing of diligence on the part of defendant. State v. Cushenberry, 157 Mo. 183; State v. Walker, 250 Mo. 321. (b) The supporting affidavits should be sworn to by witnesses sought to be used or some showing made why these were not obtainable. State v. Walker, 232 Mo. 252; State v. Henson, 290 Mo. 248. (c) Newly discovered evidence that goes only to the impeachment of witnesses is not sufficient. State v. Whitsett, 232 Mo. 522; State v. Estes, 209 Mo. 288; State v. Hewitt, 259 S. W. 782. (4) Appellant's assignment in her motion for a new trial that the court erred in verbally stating to the jury that there was a merit system in the state penitentiary, is without merit. (a) Such a verbal statement is not considered in the light of an instruction. State v. Good, 132 Mo. 127; State v. Dewitt, 152 Mo. 76; State v. Crofton, 271 Mo. 507. (b) The giving of oral instructions is not reversible error if not objected to by defendant at the time of the giving of the instruction. State v. DeMosse, 98 Mo. 340; State v. Miles, 199 Mo. 560. (5) Appellant has failed to sufficiently specify in her motion for a new trial any error as to the written instructions. State v. Taylor, 267 Mo. 48; State v. Knight, 278 S. W. 1036. (6) The record fails to disclose any substantial error in the admission or exclusion of evidence. (7) There is no record entry in this case showing formal arraignment and plea. Absence of this is not fatal. State v. Coleman, 262 S. W. 424. (8) The court properly overruled defendant's demurrer. There was a case made out for the jury. State v. Howe, 228 S. W. 477.

RAILEY, C.—On November 1, 1923, the Prosecuting Attorney of Jasper County, Missouri, filed in the circuit court of said county a verified information, which, without caption, signature and jurat, reads as follows:

"Roy Coyne, Prosecuting Attorney within and for the County of Jasper, in the State of Missouri, upon his oath, informs the court and charges that on or about ——— day of ———, 1923, in the County of Jasper and State of Missouri, Fannie Ackerman did then and there feloniously and knowingly accept and receive, levy and appropriate a sum of money without consideration from the proceeds of the

earnings of Hazel Lang, who was then and there engaged in prostitution at the house of the said Fannie Ackerman, against the statutes in such cases so made and provided; and against the peace and dignity of the State.''

A preliminary hearing was had before a justice of the peace in said county. The defendant appeared in the justice's court, where she was arraigned and entered a plea of not guilty. Upon a hearing of the cause, the justice of the peace bound defendant over for her appearance in the circuit court aforesaid to answer said information. The case was tried before a jury, and the latter, on June 18, 1924, returned into court the following verdict:

''We, the jury, find the defendant guilty as charged in the information and we assess her punishment at imprisonment in the penitentiary at four years.''

On June 21, 1924, a motion for a new trial was filed and overruled. On June 28, 1924, allocution was granted, judgment rendered, sentence pronounced in conformity with said verdict, and an appeal allowed defendant to this court. Thereafter defendant filed her bill of exceptions in due time, and filed a certified copy of same in this court on November 9, 1925.

No brief or statement has been filed by appellant in this court.

Counsel for the State have made a fair and correct statement of the facts, as shown by the record, which, leaving out the references to the pages of the transcript, reads as follows:

''The evidence offered by the State tended to· show that the prosecuting witness, Hazel Lang, who had lived in different places in the State of Kansas, came to Joplin, Missouri, about September 11, 1923. She was then almost eighteen years of age, her next birthday being September 14, 1923. Her father and mother had been killed in a flood in Kansas in April, 1923. When she got to Joplin she went first to the Joplin Hotel. She had only twenty-five dollars and did not know where she could find work. She saw the sign 'Waitress Wanted' on the door at 114½ Main Street, and applied there for work. There was a rooming house or hotel on the second floor over a grocery store at the above said address, which hotel was owned by the defendant. The defendant employed the prosecuting witness as a waitress and agreed to pay her five dollars a week. She was to wait on tables, make beds, etc. On the afternoon of September 14, the defendant called Hazel up to her (defendant's) room, and in the presence of the man who was sitting on the bed, told her that she would be run out of the hotel if she did not fill dates with men, and submit to sexual intercourse. At that time defendant took what money Hazel had at the time she came there. The prosecuting witness had sexual intercourse with this man, who, as above stated, was in the room when Hazel was called by the defendant, during all

of which time defendant was in the same room, for which she received three dollars. Defendant took two dollars and gave Hazel one dollar. Mrs. Ackerman also showed the prosecuting witness how to keep free of any venereal diseases that might be contracted from the evil practices above mentioned. Defendant told Hazel that she would have to continue to fill dates, and during the three days she was there, she filled fifteen dates. The acts above mentioned were performed in defendant's room because she thought there would be less suspicion if they remained in that room. Hazel got fifteen dollars as her part of the money she received while she was at said hotel. Defendant took from the earnings at the rate of two dollars to the prosecuting witness's one dollar. When Hazel left on September 14th, she went back to the Joplin Hotel where she stayed for one night. She then went to the Evelyn Rooms, where she stayed until she was sentenced to a term in the industrial school for girls. She was serving that term at the time of the trial. The prosecuting witness contracted a venereal disease during her stay at defendant's hotel. She had never had sexual intercourse before the time heretofore stated.

"The police matron of Jasper County testified that she went to visit Miss Lang at the Evelyn Rooms, and found her sick. The girl at that time told the same story as to what happened at the defendant's hotel that she told at the time of the trial.

"The chief of detectives at Joplin said that he directed the police matron to go to the Evelyn Rooms to visit a sick girl by the name of Hazel Lang. Hazel was brought to the police station.

"The defense, to sustain its case, offered evidence tending to show that the reputation of the defendant for being a moral, hard-working woman was good. There was also some evidence tending to prove that the prosecuting witness never made any complaint of her alleged mistreatment by the defendant at the time it was said to have happened. The defendant, who took the stand in her own behalf, testified that she was a widow fifty-six years of age; that she operated a hotel at 114 Main Street, Joplin; that the prosecuting witness, Hazel Lang, came to her about September 11th, and asked for work; that she told her she was pretty young to do that kind of work; that Hazel answered she had been following harvest hands all summer. Defendant testified further that the prosecuting witness went to the show with a married man one evening during the time she was at her hotel; that she gave Hazel the money she had been keeping for her, before she left. Mrs. Ackerman denied that she permitted any illicit relations in her house, or that she ever took any money for the same.

"The State in rebuttal showed by Hazel Lang that she never told defendant she had followed harvest hands all summer; that she

never had a date to the show with a married man while she was at defendant's house.''

In addition to what is heretofore set out, the defendant introduced a number of witnesses who testified as to her good moral character, etc.

The remaining questions involved, as far as necessary, will be considered in the opinion.

I.    The defendant has filed no brief in this court.    The information is heretofore set out and follows the language of Section 3253, Revised Statutes 1919, which reads as follows:

**Information.**

''That any person who shall knowingly accept, receive, levy or appropriate any money or other valuable thing, without consideration, from the proceeds of the earnings of any woman engaged in prostitution, shall be deemed guilty of felony, and upon conviction thereof shall be punished by imprisonment for a period not less than two nor more than twenty years.''    [State v. Howe, 287 Mo. l. c. 8, 9.]

(a)    The verdict of the jury heretofore set out, is in proper form and responsive to the issues in the case.

II.    No demurrer to the evidence was interposed in this case at the *conclusion* of same.    The testimony has been set out very fully heretofore and need not be repeated.    There is abundant substantial evidence offered by the State to sustain the conviction. The testimony of the prosecutrix is clear and convincing.    She is corroborated as to some of the material testimony in the case and the jury were warranted in returning a verdict of conviction, notwithstanding defendant's denials and the evidence as to her good moral character.    We accordingly hold that a case was made for the jury.    [State v. Howe, 287 Mo. l. c. 8 and following.]

**Substantial Evidence.**

III.    The court is charged with error in the motion for a new trial in admitting irrelevant and incompetent evidence offered by the State, and in excluding relevant and competent testimony of defendant.    Upon an examination of the record, we find no errors in respect to either of said matters.    Aside from the foregoing, the motion does not mention any specific rulings complained of therein.

**Evidence: Admission: Rejection.**

IV.    The court is charged with error in having *verbally* told the foreman of the jury, that a merit system existed at the state penitentiary of Missouri, where the inmate would be given credit of five months out of twelve for good behavior.    There is no merit in this assignment.    The bill of exceptions shows that the trial court made a statement as to what occurred, as follows:

**Oral Instruction.**

"Shortly after the jury retired they returned into the court room and the foreman asked if they could ask a question, to which question the court replied, 'Yes.' Whereupon, the foreman asked if there was a merit system in vogue in the penitentiary. Thereupon the court asked the assistant prosecuting attorney, and the attorney for defendant, if they had any objection to the court answering the question and each replied, 'No.' The court thereupon informed the jury there was a merit system, under which a prisoner was allowed credit for good behavior."

The defendant was present in court when the above occurred, and no objection was made in respect to said matter, nor was any exception saved to the action of the court. This assignment is without merit and overruled.

V. It is contended in the foregoing motion that a new trial should have been granted on account of alleged newly discovered evidence.

Newly Discovered Evidence.

It is claimed that Levi Zumwalt, with whom the prosecutrix said she had sexual intercourse, would testify, if present, that defendant did not know of said fact, and that the prosecutrix urged him to keep it a secret from her, etc.

The motion for a new trial is supported solely by the affidavit of defendant and no diligence was shown in attempting to secure the testimony of Zumwalt, after the prosecutrix had testified as to the sexual intercourse with him, and to the fact that defendant received two dollars of the three dollars paid her on account of said matter. No statement or affidavit was made by Zumwalt in support of defendant's motion for a new trial. As no diligence was shown to procure the testimony of Zumwalt before the conclusion of the trial, and as no affidavit of Zumwalt was filed in support of the above charge, the court did not abuse its discretion in refusing to sustain the motion for a new trial on account of the alleged testimony of Zumwalt in respect to foregoing matter [State v. Smith, 247 S. W. l. c. 157-8; State v. Loness, 238 S. W. l. c. 114; Mahany v. K. C. Rys. Co., 286 Mo. l. c. 615-16 and cases cited.] After the prosecutrix had testified as above indicated, the defendant asked no continuance to procure the testimony of Zumwalt, and simply desired to use his evidence to impeach the prosecutrix. [Sang v. St. Louis, 262 Mo. l. c. 467.]

This assignment is without merit and overruled.

VI. Appellant likewise asked for a new trial on account of newly discovered evidence of Hershell Russell, etc.

What we have said in the preceding paragraph, applies with equal force to this assignment and must be disposed of in the same way.

315 Mo.—15.

VII. We have carefully examined the record and every assignment of error in the motion for a new trial. The instructions given properly declared the law, and no objection was made to same, nor is error assigned in the motion for a new trial as to the giving of instructions. The defendant was properly tried, without error, and convicted on substantial evidence. The judgment below is accordingly affirmed. *Higbee, C.,* concurs.

PER CURIAM:—The foregoing opinion of Railey, C., is adopted as the opinion of the court. All of the judges concur.